UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK W. DOBRONSKI,<br><br>Plaintiff,<br><br>v.<br><br>HORVATH & TREMBLAY, LLC,<br>*et al.*,<br><br>Defendants. | Case No. 23-cv-10509<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO PARTIALLY DISMISS THE CASE (ECF NO. 4)**

I.  **Introduction**

Plaintiff Mark W. Dobronski brings this action against Defendants Horvath & Tremblay, LLC, and Jack Joseph Flamand, advancing four claims for telemarketing solicitations allegedly made in violation of the Telephone Consumer Protection Act (TCPA) and the Michigan Home Solicitation Sales Act (MHSSA). ECF No. 1, PageID.9-23. The Honorable Matthew F. Leitman referred the case for all pretrial proceedings under 28 U.S.C. § 636(b). ECF No. 2.

Defendants move to dismiss three of Dobronski's claims. ECF No. 4. The Court **RECOMMENDS** that their motion be **GRANTED** and that Counts II through IV of the complaint be dismissed.

II. Analysis

A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Dobronski asks the Court to strike defendants' motion, claiming that defense counsel Sean McNally failed to seek concurrence. ECF No. 7, PageID.73-78. Before filing a motion, the moving party must confer in good faith with the opposing party to seek concurrence and to resolve or narrow disputed issues. E.D. Mich. LR 7.1(a)(1), 37.1(a)(1). Concurrence must be sought "in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention." E.D. Mich. LR 7.1(a)(1).

Dobronski says that on March 6, 2023, he received an email with a letter demanding that he dismiss the lawsuit, but that Mr. McNally did not mention filing a motion. ECF No. 7, PageID.75, 88. Dobronski omits that Mr. McNally sent him another email on March 6 requesting a conference to discuss concurrence in the motion and asking for Dobronski's availability over the next two days. ECF No. 8-2. A videoconference was scheduled for the morning of March 8. ECF No. 7, PageID.75; ECF No. 8, PageID.94. Shortly before the conference, Mr. McNally sent Dobronski a copy of the motion and asked for concurrence. ECF No. 8-3. Dobronski then left Mr. McNally a voicemail stating that he was no longer available and could not meet until later that evening. ECF No. 8-4, PageID.104. Mr. McNally and Dobronski unsuccessfully tried to reschedule, and Mr. McNally twice asked Dobronski to review the motion and confirm whether he concurred, as the motion had to be filed that day.[1] *Id.*, PageID.103.

The evidence shows that Mr. McNally sent Dobronski a copy of the motion and tried in good faith to confer with him. And given Dobronski's opposition to the motion, he has not been prejudiced by the parties' failure to discuss the motion. See *Spicer v. Michigan*, No. 2:19-cv-13718, 2021

---

[1] Since defendants removed the action from state court on March 1, 2023, their motion filed in lieu of an answer was due on March 8. See Fed. R. Civ. P. 81(c)(2)(C).

4

WL 2823092, at *3 (E.D. Mich. July 7, 2021); *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 7316108, at *2 (E.D. Mich. Dec. 11, 2020). Thus, the motion should not be struck.

## C.

Defendants move to dismiss Dobronski's claims that allege (1) failure to implement procedures for maintaining an internal do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) (count II); (2) failure to inform and train telemarketing personnel about the internal do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) (count III); and (3) making telephone solicitations to a residential telephone subscriber on the national do-not call list, in violation of Mich. Comp. Laws § 445.111a(5) (count IV). The Court addresses the TCPA claims and the MHSSA claim in turn.

## 1.

The TCPA directed the Federal Communications Commission to implement regulations protecting residential telephone subscribers from receiving unwanted telephone solicitations. *Charvat v. NMP, LLC*, 656 F.3d 440, 443 (6th Cir. 2011) (citing 47 U.S.C. § 227(c)(1)). Those regulations prohibit callers from making "any call for telemarketing purposes to a residential telephone subscriber" unless the caller "has instituted procedures for maintaining a list of persons who request not to

receive such calls." 47 C.F.R. § 64.1200(d) (cleaned up).  The required procedures include developing a "written policy, available upon demand, for maintaining a do-not-call list," and informing and training any telemarketing personnel "in the existence and use of the do-not-call list." *Id.* § 64.1200(d)(1)-(2).  The TCPA allows private actions for violations of those procedures.  *Charvat*, 656 F.3d at 444 (citing 47 U.S.C. § 227(c)(5)).

Citing a line of cases decided by federal courts in Texas, defendants argue that Dobronski fails to state a claim for violating these procedures because he does not allege that he asked defendants to stop calling him. ECF No. 4, PageID.42-45.  One court noted that the regulations relate "to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *Cunningham v. Pro. Educ. Inst., Inc.*, No. 4:17-CV-00894, 2018 WL 6709515, at *6 (E.D. Tex. Nov. 5, 2018), *adopted*, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) (cleaned up). But because the plaintiff provided no detail about the alleged procedural violations nor alleged that he requested not to receive calls from the defendants, the court held that it was unclear how the regulations were violated. *Id.* (citing *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012) (dismissing claim for violating the internal do-not-call procedures because the plaintiff did not allege that he requested not to

receive calls)).  Following that reasoning, courts have dismissed claims when plaintiffs fail to allege that they asked defendants to stop calling them. *Id.*; *see also Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *9 (W.D. Tex. Nov. 17, 2021); *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1029 (D.N.M. 2020); *Strange v. Doe #1*, No. 19-cv-1096, 2020 WL2476545, at *4 (W.D. La. May 12, 2020); *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006, 2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019), *adopted* 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019).[2]

Other courts have dismissed similar claims on standing grounds when the plaintiffs did not allege that they asked the telemarketer to stop calling.  The Eleventh Circuit held that those plaintiffs could not meet the traceability requirement of Article III standing: "There's no remotely plausible causal chain linking the failure to maintain an internal do-not-call list to the phone calls received by [the plaintiffs] who never said to [the defendant] they didn't want to be called again."  *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019).  The Eleventh Circuit also held that plaintiffs on the national do-not-call list who received marketing calls had standing, since they "suffered an injury that is traceable to [the

---

[2] Contrary to Dobronski's argument, the outcomes of these cases were not premised on whether the plaintiffs were on the national do-not-call list.  *See* ECF No. 7, PageID.79.

defendant's] misconduct—if [the defendant] had followed the law and not called numbers on the Registry, they would not have been injured." *Id.* at 1271.  Yet most courts have held that plaintiffs who do not ask the defendant to stop calling lack standing to sue for procedural violations, without examining whether the plaintiff is on the national do-not-call list. *See, e.g.*, *Doane v. Benefytt Techs., Inc.*, No. 22-10510, 2023 WL 2465628, at *7 (D. Mass. Mar. 10, 2023); *Watson v. Manhattan Luxury Autos., Inc.*, No. 20 Civ. 4572, 2022 WL 4586407, at *6 (S.D.N.Y. Sept. 29, 2022); *Stewart v. Network Cap. Funding Corp.*, No. CV 21-368, 2021 WL 6618542, at *3 (C.D. Cal. July 2, 2021); *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1333 (S.D. Fla. 2021).

Dobronski does not allege that he asked defendants to stop calling him.  Instead, he allegedly told defendants "to email information to [him], and that [he] would call Flamand back if [he] had any interest." ECF No. 1, PageID.20-21.  Because Dobronski did not request that defendants stop calling him, his TCPA claims fail under the authority discussed above.  And his allegations about defendants' alleged failure to maintain or provide training on an internal do-not-call list merely recite the statutory elements of the claim.  *Id.*, PageID.22-23.  Such bare assertions of a violation cannot state a claim.  *See Laccinole v. Rocket Mortg., LLC*, 609 F. Supp. 3d 68, 73

8

(D.R.I. 2022) ("[A]llegations concerning [the defendant's] supposed failure to implement the requisite procedures are mere recitations of the legal elements and must be discarded."); *Sterling v. Securus Techs., Inc.*, No. 3:18-cv-1310, 2020 WL 2198095, at *5 (D. Conn. May 6, 2020) (bare assertions that the defendant did not maintain an internal do-not-call list failed to state a claim).

Dobronski argues that implementing written procedures that comply with the TCPA is an affirmative defense that defendants must prove under 47 C.F.R. § 64.1200(c)(2)(i). ECF No. 7, PageID.80-81. He maintains that defendants bear the burden of showing that they "scrubbed" their internal do-not-call list against the national list—and thus he need not have requested that defendants stop calling him. *Id.* (citing 47 C.F.R. § 64.1200(c)(2)(i)(D)). But Dobronski cites § 64.1200(c), regulations governing claims for telemarketing calls unlawfully placed to people on the national do-not-call list. Counts II and III are governed by § 64.1200(d). And Dobronski cites no authority undermining the caselaw discussed above.

Dobronski also argues that there is no duty under the TCPA to mitigate damages by asking the caller to stop calling. ECF No. 7, PageID.81-82. But the Court's recommendation to dismiss is based on

Dobronski's failure to plead a plausible claim under § 64.1200(d), not on a mitigation defense.  It is unclear from Dobronski's pleadings how defendants violated § 64.1200(d) and how defendants' alleged failure to maintain an internal do-not-call list was causally linked to the phone calls Dobronski received, when he never asked to be placed on the do-not-call list.

Thus, the Court recommends dismissing counts II and III of Dobronski's complaint.

**2.**

The MHSSA prohibits a telephone solicitor from "making a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then-current version of the federal [do-not-call] list."  Mich. Comp. Laws § 445.111a(5) (cleaned up).  A "residential telephone subscriber" is "a person residing in [Michigan] who has residential telephone service."  *Id.* § 445.111(l).

The complaint states that Dobronski "is a resident of and has a place of business in Orange County, Florida," and that he "has a residence and place of business in Washtenaw County, Michigan."  ECF No. 1, PageID.9.  Defendants argue that Dobronski fails to state an MHSSA claim because he alleged that he is a resident of Florida, not Michigan.  ECF No. 4,

PageID.46-47.  Dobronski counters that a person can have more than one residence and that he alleged residence in both Michigan and Florida.  ECF No. 7, PageID.82-85.  Defendants have the better argument.

When interpreting statutes, Michigan courts aim "to give effect to the Legislature's intent as determined from the language of the statute." *Bukowski v. City of Detroit*, 487 Mich. 268, 273 (2007).  In doing so, courts "avoid rendering any portion of the statute nugatory or surplusage" and "give the words of a statute their plain, ordinary meaning unless the Legislature employs a term of art."  *Id.* at 274.

No authority addresses the MHSSA's residency requirement.  But the plain language of Mich. Comp. Laws §§ 445.111a(5) and 444.555(l) prohibits telemarketers from "making a telephone solicitation" to a person "residing" in Michigan with residential telephone service and who is on the national do-not-call list.  The statute's use of the progressive tense of both "making" and "residing" expresses an intent to ban telemarketing calls to people residing in Michigan when the calls were placed.  *See Deschaine v. St. Germain*, 256 Mich. App. 665, 670 (2003) (examining a statute's use of the present tense).

Michigan courts have defined "reside" in contexts outside the MHSSA.  In *Kar v. Nanda*, the Michigan Court of Appeals held that

11

"resided" meant "a place of abode accompanied with the intention to remain," but did not require an intention to remain permanently and indefinitely. 291 Mich. App. 284, 294 (2011). Similarly, the court recently held that "reside" means "living in a place for substantial time beyond mere transient physical presence," and that "'residence' is a broader concept than 'domicile,'" given that a person can have multiple residences. *Mapp v. Progressive Ins. Co.*, — N.W.2d — , 2023 WL 3131948, at *8-9 (Mich. Ct. App. Apr. 27, 2023).

So Dobronski is correct that being a Florida resident does not preclude him from also being a Michigan resident. But while the complaint states that Dobronski owns a residence in Michigan, it does not allege that he lived there for any length of time or that he lived there when he received the calls from defendants. Dobronski argues in his response brief that he "is physically present and resides much of the time" in Michigan and was residing in Michigan when defendants called him. ECF No. 7, PageID.85. But parties cannot add pleadings through a response brief. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a dispositive motion] they have a readily available tool: a motion to amend the complaint under Rule 15. They cannot amend their

12

complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (cleaned up)).  Thus, the Court recommends dismissing count IV of Dobronski's complaint.

### III.   Conclusion

The Court thus **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 4) and that Counts II through IV of the complaint be dismissed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 6, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2023.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager