UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

                                            Case No. 23-cv-10509
                                            Hon. Matthew F. Leitman

HORVATH & TREMBLAY, LLC, et al.,

    Defendant.
_____/

**ORDER (1) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (ECF No. 11) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 9), AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS (ECF No. 4)**

In this action, Plaintiff Mark W. Dobronski brings four claims against Defendants Horvath & Tremblay, LLC and Jack Joseph Flamand for violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227 (the "TCPA"), and the Michigan Home Solicitation Sales Act, M.C.L. §§ 445.111 (the "MHSSA"). Defendants have moved to dismiss three of the claims. (*See* Partial Motion to Dismiss, ECF No. 4.) The assigned Magistrate Judge has issued a Report and Recommendation in which she recommends that the Court grant the motion. (*See* R&R, ECF No. 9.) Dobronski has filed objections to the R & R. (*See* Objections, ECF No. 11.)

1

For the reasons explained below, Dobronski's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**.

# I

## A

Dobronski alleges that the Defendants called his residential telephone line even though he registered that line on the National Do-Not-Call List. (*See* Compl., ECF No. 1, PageID.15; PageID.19-22.) More specifically, he says that he received four unwanted telemarketing calls from Flamand (calling on behalf of Horvath & Tromblay) over a four-month period between September 2022 and January 2023. (*See id.*, PageID.19-22.) He contends that Defendants' conduct violated both the TCPA's implementing regulations and the MHSSA. (*See id.*, PageID.22-23.) Dobronski's Complaint contains four claims:

- Count I asserts a "violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1200(c)(2), as Defendants initiated a telephone solicitation to a residential telephone subscribed who has registered his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (*See id.*, PageID.22.)

- Count II asserts a "violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1200(d)(1), as Defendants initiated a call for telemarketing purposes to a residential telephone subscriber without having instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." (*See id*.)

- Count III asserts a "violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1200(d)(2), as Defendants failed to inform and train its personnel engaged in telemarketing in the existence and use of the do-not-call list." (*See id*., PageID.23.)

- Count IV asserts a "violation of the MHSSA, specifically M.C.L. §445.111(a)(5), as Defendants or Defendants' agent made a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the federal do-not-call list." (*See id*., PageID.23.)

**B**

Defendants have moved to dismiss the claims in Counts II through IV. (*See* Partial Motion to Dismiss, ECF No. 4.) Defendants argue, among other things, that the claims for violations of TCPA regulations in Count II and Count III should be dismissed because the allegations supporting those claims are conclusory. (*See id*., PageID.46.) Defendants further argue that the claim under the MHSSA in Count IV

3

fails as a matter of law because Dobronski has not alleged that he resided in Michigan when he received the calls at issue. (*See id.*, PageID.46.)

The assigned Magistrate Judge has issued a Report and Recommendation in which she recommends that this Court grant Defendants' Partial Motion to Dismiss. (*See* R&R, ECF No. 9, PageID.105.)

Dobronski has now filed two objections to the R & R. (*See* Objections, ECF No. 11.)  The Court addresses each of those objections below.

## II

When a party objects to a portion of a Magistrate Judge's Report and Recommendation, the Court reviews that portion de novo. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R & R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III

The Court begins with Dobronski's claims under Counts II and III for violations of the TCPA implementing regulations. In those Counts, Dobronski

alleges that the Defendants violated 47 C.F.R. § 64.1200(d)(1) & (2). Those regulations provide:

> **(d)** No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
>> **(1)** *Written policy.* Persons or entities making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>>
>> **(2)** *Training of personnel.* Personnel engaged in making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR §§1200(d)(1) & (2).

Dobronski's allegations in Counts II and III essentially parrot the language of these regulations. Count II first provides: "Defendants initiated a call for telemarketing purposes to a residential telephone subscriber without having instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." (Compl. at ¶70, ECF No. 1, PageID.22.) That Count then states that "[t]he aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repeated number of

5

calls." (*Id.*)  Next, Count III first provides: "Defendants failed to inform and train its personnel engaged in telemarketing in the existence of the use of the do-not-call list." (Id. at ¶73, PageID.23.)  Count III then says that "[t]he aforesaid violations of the TCPA were willful and/or knowing as is evidenced by the repeated number of calls." (*Id.*)

The Magistrate Judge found these claims to be conclusory. (*See* R & R, ECF No. 9, PageID.112-13.)  In her words, the allegations underlying the claims "merely recite the statutory elements of the claim." (*Id.*)  The Magistrate Judge was correct. She properly concluded that Counts II and III were deficient because they did little more than recite the language of the regulations.  *See Laccinole v. Rocket Mortg.*, LLC, 609 F. Supp. 3d 68, 73 (D.R.I. 2022) ("[A]llegations concerning [the defendant's] supposed failure to implement the requisite procedures are mere recitations of the legal elements and must be discarded.")

In his objections, Dobronski does not squarely address the portion of the R & R in which the Magistrate Judge recommends dismissing Counts II and III on the basis that the allegations underlying those claims merely parrot the language of the regulations.  Instead, he focuses on a separate reason offered by the Magistrate Judge in support of her conclusion that the claims in Counts II and III were deficient. Because Dobronski has failed to show any error in the Magistrate Judge's conclusion

that the allegations underlying the claims in Counts II and III are conclusory and, therefore, insufficient, he is not entitled to proceed on those claims.

Counts II and III suffer from additional apparent flaws. Count II alleges a violation of a regulation that requires a telemarketer to maintain a "written policy, available upon demand, for maintaining a do-not-call list," (Compl., ECF No. 1, PageID.22, *citing* 47 C.F.R. §1200(d)(1)), but Dobronski does not allege that he made a demand to inspect or review any policy or that Defendants failed to comply with such a demand. It is thus hard to see how Dobronski has plausibly alleged a violation of the regulation in question. Likewise, Count III accuses both Defendants of violating a regulation that requires training concerning the do-not-call list (*see id.*, PageID.23, *citing* 47 C.F.R. §1200(d)(2)), but the regulation in question does not appear to apply to a person, like Flamand, who is alleged to have placed an improper telephone call. Instead, the regulation (quoted in text above) appears to require *some other person or entity* to "inform[]" and "train[]" the individuals (like Flamand) who make telemarketing calls. For this additional reason, Count III does not seem to state a viable claim against Flamand.

For all of these reasons, the Court **OVERRULES** Dobronski's objection to the recommendation by the Magistrate Judge that the Court dismiss the claims in Counts II and III of the Complaint. Those claims are **DISMISSED WITH PREJUDICE**.

7

## IV

The Court now turns to Dobronski's claim under Count IV for violation of the MHSSA. In that claim, he alleges that the Defendants violated the MHSSA by making "a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the federal do-not-call list." (Compl., ECF No. 1, PageID.23, *quoting* M.C.L § 445.111a(5).) The MHSSA defines a "residential telephone subscriber" as "a person residing in [Michigan] who has residential telephone service." M.C.L. § 445.111(l). The Magistrate Judge recommended dismissing this claim on the ground that Dobronski failed to plead that he was residing in Michigan when he received calls from defendants. (*See* R&R, ECF No. 9, PageID.117.)

Dobronski objects to this recommendation and contends that he has sufficiently alleged that he was residing in Michigan when he received the calls in question. He points to his allegations that he owns a residence in this judicial district, that the calls were placed to a residential telephone line, and that the "telephone calls complained of herein were received in this judicial district." (Complaint, ECF No. 1, PageID.10-11, 19-21.) The Court agrees with Dobronski that these contentions, taken together, sufficiently and plausibly allege that he received the calls in question on a residential telephone line while residing in Michigan.

Accordingly, the Court **SUSTAINS** Dobronski's objection to the Magistrate Judge's recommendation that the Court dismiss Count IV of the Complaint. The Court **DENIES** Defendants' motion to dismiss that claim.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126